IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOARD OF TRUSTEES OF THE WESTERN
STATES INCOME SECURITY FUND,           No. CV 09-844-MO

        Plaintiff,                            OPINION & ORDER

    v.

TODD MACCLANATHAN, et al.,

        Defendant.

**MOSMAN, J.**

This case is a dispute over retirement benefits payable at the death of the retirement fund holder. Plaintiff manages the retirement fund held by Donald MacClanathan, now deceased. After Donald MacClanathan's death, plaintiff received applications for benefits from Donald MacClanathan's children, Todd MacClanathan, Kristy Talcott, and Tracey MacClanathan, and a competing application for benefits from Donald MacClanathan's purported spouse, Vicki MacClanathan (also referred to as Vicki Manlove). Donald MacClanathan's children dispute that Ms. Manlove is Donald MacClanathan's spouse entitled to payment of benefits at his death. This matter

PAGE 1 - OPINION & ORDER

comes before the Court on plaintiff's Motion for Discharge of Plaintiff in Interpleader Action (#14). For the reasons set forth below, I GRANT plaintiff's motion.

After receiving claims for benefits, plaintiff filed this action in interpleader under Federal Rule of Civil Procedure 22(a).[1] If the subject of the dispute is "a sum of money or some other deliverable thing," an interpleading party may deposit the contested funds with the Court after obtaining leave to do so. Fed. R. Civ. P. 67(a). Pursuant to this Court's Order (#10), plaintiff deposited $102,232.37, the total account value of Donald MacClanathan's retirement plan with Western States Income Security Fund, into the Registry of the Court. (Hanchett Decl. (#16) Ex. M.) Plaintiff now moves the Court to discharge it from liability to defendants and from further responsibility in this action.

Here, an action in interpleader is proper because plaintiff has shown adverse claims by multiple parties and a real and reasonable fear of multiple or double liability. *See* Fed. R. Civ. P. 22(a). Under 28 U.S.C. § 2361, a district court may issue an order restraining interpleaded claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action" and discharging the plaintiff from further liability.

For the foregoing reasons, plaintiff's Motion for Discharge of Plaintiff in Interpleader (#14) is GRANTED. Plaintiff is discharged from further liability to any and all of the defendants named

---

[1] Where multiple parties have competing claims that may expose a plaintiff to multiple liability, Rule 22(a) allows a plaintiff to file an action in interpleader, join those parties as defendants, and require the defendants to interplead.

in the Interpleader Complaint (#1) and from responsibility in this action.[2] Pending motions with respect to plaintiff, if any, are DENIED AS MOOT.

Through its inherent equitable powers, the Court has discretion to award attorney fees and costs to a disinterested stakeholder who files an action in interpleader to promote early litigation on the ownership of the fund. *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426-27 (9th Cir. 2000); *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984). In such cases, awards are commonly give for "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Trs. of Dirs. Guild*, 234 F.3d at 426-27. Plaintiff is a disinterested stakeholder, and its requested attorney fees and costs are limited to actions necessary to file the action in interpleader and obtain discharge from liability. Therefore, IT IS ORDERED that plaintiff be awarded attorney fees and costs in the amount of $10,143.57. (Hanchett Decl. (#16) ¶¶ 15-17 & Ex. N.)

DATED this __16th__ day of __December__ 20_09_.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

---

[2] The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The Court maintains subject matter jurisdiction over this action, even though diversity will not exist after plaintiff is discharged, because diversity existed when the interpleader complaint was filed. *See Rossetti v. Hill*, 162 F.2d 892, 892-93 (9th Cir. 1947); *Aetna Life & Cas. Co. v. Spain*, 556 F.2d 747, 749 (5th Cir. 1977).